02640-509
_____
Number/Alien Registration Number

FCI Loretto
_____
Place of Confinement

P.O. Box 1000
_____
Mailing Address

Cresson, PA 16630
_____
City, State, Zip Code

**FILED**

OCT 1 0 2023

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

(Failure to notify the Court of your change of address may result in dismissal of this action.)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT WESTERN DISTRICT OF PENNSYLVANIA

Kane Conrad Graves
_____
(Full Name of Petitioner)

          Petitioner,

vs.

Michael Underwood
_____
(Name of Warden, Jailor or authorized person having
custody of Petitioner)

          Respondent.

)
)
)
)
) Case No. 3:23-243
) (To be supplied by Clerk)
)
)
)
) Petitioner Under 28 U.S.C. § 2241
) For a Writ Of Habeas Corpus
) By a Person In Federal Custody
)
)
)

#3
15JF
Fee paid

## PETITION

1.  What are you challenging in this petition?
    - ☒ Bureau of Prisons sentence calculation or loss of good-time credits
    - ☐ Immigration detention
    - ☐ Probation, parole or supervised release
    - ☐ Other (explain): _____

    _____

2.  (a) Name and location of the agency or court that made the decision you are challenging: FCI Loretto,
    Loretto, PA / Bureau of Prisons

    (b) Case or opinion number: 1143866-F1 (in re: US v. Graves, 1:20-cr-197-1 (M.D.NC, 2020)

    (c) Decision made by the agency or court: Petitioner's FSA Time Credit ineligibility upheld
    because conviction of 21 §841(b)(1)(C)--in which there was no penalty enhancement in the case--was
    coded by BOP as "841(b)(1)(C) DEATH/INJ FSA". Warden declined to address application of 18 USC
    §3632(d)(4)(D)(lviii) in denial.

1

(d) Date of the decision: __December 20, 2022__

3.    Did you appeal the decision to a higher agency or court? Yes ☒ No ☐

If yes, answer the following:

(a) First appeal:

    (1) Name of the agency or court: __Bureau of Prisons, Northeast Regional Director__

    (2) Date you filed: __December 22, 2022__

    (3) Opinion or case number: __1143846-R1__

    (4) Result: __Warden's decision upheld__

    (5) Date of result: __March 8, 2023__

    (6) Issues raised: __21 USC §841(b)(1)(C) penalty enhancement provision must be triggered to__
__make an inmate ineligible to earn FSA credits, either via mandatory minimum or enhancement under__
__USSG 2D1.1. Statutory construction of §3632(d)(4)(D) is such that paragraphs where Congress in-__
__tended relevant conduct to confer ineligibility are specifically denoted as such. (lviii) is not.__
Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

(b) Second appeal:

    (1) Name of the agency or court: __Bureau of Prisons, Central Office (General Counsel)__

    (2) Date you filed: __March 29, 2023__

    (3) Opinion or case number: __1143866-A2__

    (4) Result: __"Your offense code of 21 U.S.C. §841(b)(1)(C) noted in your__
              __Pre-Sentence Report deems you ineligible for application of FTC..."__

    (5) Date of result: __May 24, 2024__

    (6) Issues raised: __Same as §3(a)(6); 841(b)(1)(C) does not automatically dis-__
__qualify an individual from earning FSA credits; §3632(d)(4)(D)(lviii) refers__
__to penalty enhancement as codified in J&C/Statement of Reasons/via USSG §2D1.1,__
__but not to relevant conduct in PSI.__
Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

(c) Third appeal:

    (1) Name of the agency or court: __n/a (available administrative remedies exhausted).__

(2) Date you filed: _____

(3) Opinion or case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4.    If you did not appeal the decision to a higher agency or court, explain why you did not: n/a _____

_____

_____

_____

5.    Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?

      Yes ☐

      No ☒

If yes, answer the following:

(a) Name of the agency or court: _____

(b) Date you filed: _____

(c) Opinion or case number: _____

(d) Result: _____

(e) Date of result: _____

(f) Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

3

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.

GROUND ONE: The Bureau of Prisons erred in deeming Petitioner ineligible to accrue First Step Act ("FSA) time credits, creating a potential liberty interest amounting to approximately 365 days.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.): On September 23, 2020, Petitioner was sentenced to 120 months incarceration for 1 count of 21 USC 841 (b)(1)(C), Distribution of Heroin. Petitioner had no prior felony record, and received this sentence— roughly 99 months in excess of his guideline range—due to an overdose death related to the instant offense, as part of a Rule 11(c)(1)(C) plea agreement in which the United States agreed not to prosecute him for Distribution of Heroin Resulting in Death or Serious Bodily Injury, an enhanced offense with the same offense code (21 USC §841(b)(1)(C)), but distinguished by (a) a mandatory minimum sentence of 20 years (240 months), as provided for in the plain text of the statute; (b) a Base Offense Level of 38, per §2D1.1 of the United States Sentencing Guidelines ("USSG"), (c) language distinguishing an enhanced §841 (b)(1)(C) offense in a defendant's Judgment & Commitment ("J&C"), and/or (d) a 5K2.1 or 5K2.2 enhancement in a defendant's Statement of Reasons ("SoR"). Petitioner has none of these distinguishing features present in his case, and as such had every reason to believe his defense counsel and the AUSA when both parties advised him during an informal pretrial conference on June 15, 2023 that because he was pleading to a nonviolent drug offense, he would be able to earn time off his sentence via the FSA. Because he was sentenced in the midst of the COVID-19 pandemic, Petitioner spent several months "in transit," without access to law library, contact with loved ones or counsel, or even postage stamps for some months, and only learned of his ineligibility nearly a year into his being in BOP custody. Petitioner's Case Manager told him he "should be eligible," and to dispute the determination. Petitioner exhausted his remedies. Plaintiff's research into what few cases have been filed challenging the Bureau's application of 18 USC §3632(d)(4)(D)(lviii) has led him to believe the statutory construction of §3632(d)(4)(D) is such that the penalty enhancement—not relevant conduct—is what triggers FSA ineligibility. Please refer to Petitioner's Memorandum of Law for analysis and supporting case law.

(b) Did you exhaust all available administrative remedies relating to Ground One? Yes ☒ No ☐

(c) If yes, did you present the issue to:
    ☒ The Office of General Counsel, Fed. Bureau of Prisons
    ☐ The Board of Immigration Appeals
    ☐ The Parole Commission
    ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground One, explain why:

4

**GROUND TWO:**  The Bureau of Prisons must follow its own policies and procedures, generally, and to be entitled to "agency deference." The Bureau's inconsistent statements in refusing FSA eligibility to 21 USC §841(b)(1)(C) offenders with no penalty enhancement undermine their [anticipated] claim of agency deference by thus being unpersuasive.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.): In response to Petitioner's Central Office Administrative Remedy Appeal ("BP-11"), Administrator Ian Connors writes simply: "Although you disagree with our findings, your offense code of 21 U.S.C. §841 (b)(1)(C) noted in your Pre-Sentence Report deems you ineligible for application of FTC under the FSA in accordance with §3632(d)(4)(D)(lviii). No further review is warranted." However, for disqualifying offenses under §3632(d)(4)(D) where the offense itself is not the disqualifying element, the BOP's own Program Statement 5410.1 ("First Step Act of 2018—Time Credits") reads: "For the current offense review, the unit team will review the...J&C Order & the...PSR for sentencing enhancements, if necessary, to determine if the inmate is ineligible." (emphasis added). In Lallave v. Martinez, 2022 U.S. Dist LEXIS 187618, no. 22-cv-4136 (Oct. 2022), Doc. #17-1 ("BOP Decision"), the denial of FSA time credits by the BOP's Central Office was justified as "The [PSI] shows your offense level was set at 38 due to the victims suffering serious bodily injuries from using the substance you provided." This refusal, at least, shows some consistency with that in the case of Lenze v. Gilley, no. 21-cr-115, 2021 U.S. Dist. LEXIS 214473 (E.D.KY, 2021), in which the court found that the petitioner's conviction on an enhanced count; ("The [PSR]...notes that...the Base Offense Level would be 38, as found in U.S.S.G. §2D1.1(a)(2)...2D1.1 provides for a Base Offense Level of 38 if the defendant is convicted under 21 U.S.C. §841(b)(1)...(C), and...death or serious bodily injury resulted from use of the substance." For an agency's decision to be persuasive depends on "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade if lacking power to control." Lopez v. Terrell, 654 F.3d 176, 183 (2nd Cir., 2011). As will be expounded upon in the Memorandum of Law, neither Chevron nor Skidmore deference is appropriate.

(b) Did you exhaust all available administrative remedies relating to Ground Two?  Yes ☒ No ☐

(c) If yes, did you present the issue to:

☒ The Office of General Counsel
☐ The Board of Immigration Appeals
☐ The Parole Commission
☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

_____
_____
_____
_____
_____
_____
_____

**GROUND THREE:** _____
_____
_____
_____
_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b) Did you exhaust all available administrative remedies relating to Ground Three?  Yes ☐ No ☐

(c) If yes, did you present the issue to:
    ☐ The Office of General Counsel
    ☐ The Board of Immigration Appeals
    ☐ The Parole Commission
    ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Three, explain why:

_____
_____
_____
_____
_____
_____
_____

GROUND FOUR: _____
_____
_____
_____
_____

(a) Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

7

_____
_____
_____
_____

(b) Did you exhaust all available administrative remedies relating to Ground Four? Yes ☐  No ☐

(c) If yes, did you present the issue to:
      ☐  The Office of General Counsel
      ☐  The Board of Immigration Appeals
      ☐  The Parole Commission
      ☐  Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Four, explain why:
_____
_____
_____
_____
_____
_____
_____

**Please answer these additional questions about this petition:**

7.    Are you challenging your conviction or sentence in any of the grounds raised above? Yes ☐  No ☒
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

If yes, answer the following:

(a)    Have you filed a motion under 28 U.S.C. § 2255? Yes ☐  No ☐

    If yes, answer the following:

    (1) Name of court: _____

    (2) Case number: _____

    (3) Opinion or case number: _____

    (4) Result: _____

    (5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

(b)    Explain why the remedy under § 2255 is inadequate or ineffective: _____

_____

_____

_____

8.    If this case concerns immigration removal proceedings, answer the following:

(a)    Date you were taken into immigration custody: _____

(b)    Date of removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?  Yes ☐ No ☐

(1) Date you filed: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

(d)    Did you file an appeal with the federal court of appeals?
Yes ☐   No ☐

(1) Name of the court: _____

(2) Date you filed: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

9.    Petitioner asks that the Court grant the following relief:  Instruct the Bureau of Prisons to designate Petitioner as FSA eligible, calculate accrued FSA time credits earned between 9/23/2020 and today, so that those time credits may be applied toward Petitioner's term of supervised release once Petitioner meets PATTERN score requirement, thus curing the liberty interest presented,

_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)


        I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _October 1, 2023_____(month, day, year).

                                                    *mailed to third party to remit filing fee*

_____
/Signature of Petitioner


_____         _September 29, 2023_____
Signature of attorney, if any              Date